#300026247

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'26 SEP 23 PM2:45

al

**BRIAN TUCKER SMITH,**
Plaintiff,

3-26CV3223-B

v. Civil Action No. ________________

**ALDOUS & ASSOCIATES, PLLC,**
Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brian Tucker Smith, proceeding pro se, alleges as follows:

## I. INTRODUCTION

1. This action arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Defendant Aldous & Associates, PLLC (Aldous) reported two alleged VASA Fitness debts to TransUnion without communicating that Plaintiff disputed them, even after Plaintiff challenged the accounts and their balances during a recorded telephone call on August 11, 2026.

2. Plaintiff brings one claim under 15 U.S.C. § 1692e(8). He seeks compensation for the harm caused by Aldous's failure to communicate his disputes, statutory damages, and the costs allowed by law.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District. Plaintiff resides in Dallas, Texas, where the collection activity concerning his credit and the resulting injuries occurred.

5. Aldous purposefully directed collection activity concerning the alleged debts at Plaintiff, a Texas resident, through the collection communications and credit reporting described below. This claim arises from that activity, supporting this Court's exercise of specific personal jurisdiction.

## III. PARTIES

6. Plaintiff Brian Tucker Smith is a natural person residing in Dallas, Texas. Aldous alleges that he owes the debts at issue. Plaintiff is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

7. Defendant Aldous & Associates, PLLC operates a debt-collection business from Utah. Its published consumer correspondence address is P.O. Box 171374, Holladay, Utah 84117-1374.

8. Aldous regularly uses telephone communications and other instrumentalities of interstate commerce to collect debts allegedly owed to others, including VASA Fitness. The accounts at issue were placed with Aldous for collection as unpaid obligations. During the August 11 call, its representative stated that Plaintiff was speaking with a collector in a law office and that the communication was an attempt to collect a debt. Aldous is a debt collector under 15 U.S.C. § 1692a(6).

9. The alleged obligations arose from Plaintiff's gym membership for his personal use. They are consumer debts within the meaning of 15 U.S.C. § 1692a(5).

## IV. FACTUAL ALLEGATIONS

10. Plaintiff previously used VASA Fitness and understood his monthly membership charge to be approximately $50. He disputed the amount Aldous claimed and the reporting of two collection accounts for that membership.

11. Before August 11, 2026, Plaintiff had disputed the account reporting with Aldous by telephone on multiple occasions. In July 2026, he reviewed his TransUnion credit

information through Credit Karma and saw two Aldous collection entries without a notation acknowledging his disputes.

12. The Credit Karma screenshots showing a July 26, 2026 reporting date list two Aldous collection accounts, each with a displayed balance of $162. The account details identify VASA Fitness as the original creditor, an opening date of January 4, 2022, and remarks stating that the account was placed for collection.

13. On August 11, 2026, Plaintiff called Aldous about those entries. The call was recorded. After locating his information, the representative confirmed that Aldous had two VASA Fitness accounts in his name.

14. Plaintiff questioned why the same gym was appearing twice on his credit report. The representative suggested that the accounts concerned different contract years, 2021 and 2022. Plaintiff then questioned whether those were two different accounts with essentially the same amount.

15. Plaintiff also challenged the balances by explaining that he had paid approximately $50 per month and questioning how Aldous arrived at approximately $162. He raised that concern again after the representative described the two accounts. His objections concerned both the existence of two reported obligations and the amounts being collected.

16. The representative stated that the balances reflected amounts remaining on the contracts together with any additional fees. Plaintiff ended the conversation by saying that he would contact VASA and call back. He did not agree that the balances were correct or withdraw his objections.

17. Through this exchange, Plaintiff communicated that he did not accept the accounts as reported. Aldous knew, or at least should have known, that he disputed them. The representative's explanation did not resolve Plaintiff's objections.

18. After the August 11 call, Plaintiff obtained his TransUnion consumer disclosure through AnnualCreditReport.com. It showed two separate Aldous collection entries under different

masked account identifiers, each with a $162 balance, VASA Fitness as the original creditor, and an opening date of January 4, 2022.

19. Both entries in that disclosure showed a date updated of August 23, 2026, after Plaintiff's recorded call. Both listed a collection status and remarks stating that the account was placed for collection. Neither entry contained a notation that Plaintiff disputed the debt.

20. Plaintiff later reviewed his TransUnion information through Credit Karma again and continued to see the two Aldous entries without dispute notations. The later account-detail screenshots display a September 13, 2026 reporting date and collection remarks without an acknowledgment of a dispute.

21. On information and belief, Aldous furnished updated information about both accounts to TransUnion after August 11, 2026, including the updates reflected by the August 23 and September 13 reporting dates, without communicating that the debts were disputed. This allegation is based on the changed reporting dates and the absence of dispute notations in the corresponding account entries.

22. Aldous's reporting was part of its effort to collect the alleged VASA debts. It presented the accounts as open, unpaid collection obligations. When Plaintiff called about that reporting, Aldous's telephone system offered payment by telephone, and its representative identified the conversation as an attempt to collect a debt and explained the amounts it claimed remained due. On information and belief, Aldous used the collection reporting to encourage payment of those alleged obligations.

## V. PLAINTIFF'S INJURIES

23. During this period, Plaintiff was trying to obtain credit to help pay for medical care for his girlfriend of six years, who is pregnant. She previously experienced miscarriages and mold exposure and is pursuing separate litigation concerning the harm she attributes to that exposure. Those experiences made Plaintiff especially concerned about obtaining appropriate care during the current pregnancy.

24. His girlfriend has an appointment with a specialist scheduled for October 12, 2026, with an expected out-of-pocket expense of approximately $1,100. Plaintiff wanted to help cover that expense and was concerned that the collection reporting would interfere with his ability to obtain credit.

25. On September 15, 2026, Plaintiff applied for a Citibank credit card to help with those medical expenses. Citibank immediately denied his application that same day.

26. Seeing the accounts continue to be reported without any acknowledgment of his objections caused Plaintiff substantial frustration and anxiety. He felt that his efforts to dispute the reporting had been disregarded while the accounts continued to affect how his credit history was presented. The credit denial intensified his concern about being unable to help pay for the specialist's care and his fear of another pregnancy loss.

27. Plaintiff's distress was serious enough that he sought professional counseling assistance. In September 2026, he attended a walk-in student consultation with Erica Little, LPC, of Dallas College's Counseling and Psychological Services at the Mountain View Campus.

28. Following that consultation, Ms. Little sent Plaintiff an email confirming that they had discussed an intake to begin counseling services. The email scheduled a virtual intake appointment for September 29, 2026, at 11:00 a.m. and provided community counseling resources.

29. Aldous's failure to acknowledge the disputes in its subsequent reporting added to Plaintiff's anxiety about obtaining credit for this care. Plaintiff seeks recovery for his own emotional distress and other actual injuries caused by the challenged conduct. The upcoming medical expense and his girlfriend's history explain the circumstances in which he experienced that distress.

## VI. COUNT ONE

### Failure to communicate disputed debts as disputed
### 15 U.S.C. § 1692e(8)

30. Plaintiff incorporates paragraphs 6 through 29, which identify the parties, the consumer debts, the disputed communications, the subsequent reporting, and his resulting injuries.

31. Section 1692e(8) prohibits a debt collector, in connection with collecting a debt, from communicating credit information it knows or should know is false, including failing to communicate that a disputed debt is disputed.

32. By the August 11, 2026 call at the latest, Aldous knew or should have known that Plaintiff disputed both VASA collection accounts. Plaintiff challenged the reporting of two accounts and the amounts claimed, and did not withdraw those objections.

33. On information and belief, Aldous nevertheless communicated updated information about both debts to TransUnion after that call without including their disputed status, as reflected in the August 23 and September 13, 2026 reporting described above. Those communications were made as part of Aldous's effort to collect the alleged debts.

34. The omission was misleading because it presented the collection obligations without disclosing Plaintiff's challenges to the accounts and amounts. His objections were relevant to an assessment of the collection information being reported about him.

35. The duty under § 1692e(8) depends on the collector's knowledge that a debt is disputed. It does not depend on a written dispute within the separate thirty-day validation period under § 1692g. See Sayles v. Advanced Recovery Systems, Inc., 865 F.3d 246, 249–50 (5th Cir. 2017).

36. By communicating the alleged debts without their disputed status after receiving Plaintiff's objections, Aldous violated § 1692e(8). Its conduct caused the additional anxiety and emotional distress described in paragraphs 26 through 29. Plaintiff seeks actual damages under § 1692k(a)(1), additional statutory damages under § 1692k(a)(2)(A), and recoverable costs under § 1692k(a)(3).

## VII. REQUEST FOR RELIEF

Plaintiff requests judgment against Aldous as follows:

A. Actual damages in an amount to be determined at trial for injuries caused by Aldous's violation, including Plaintiff's emotional distress;

B. Additional statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A) for this action;

C. Costs of this action under 15 U.S.C. § 1692k(a)(3), and reasonable attorney's fees if counsel is later retained and such fees are recoverable; and

D. Any further relief that is appropriate and legally available on this claim.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable under Federal Rule of Civil Procedure 38.

Respectfully submitted,

Brian Tucker Smith, Plaintiff pro se
3900 W Northwest Highway, Apt. 1433
Dallas, TX 75220
Telephone: 205-563-2350
Email: Brian@regroupgov.com
Date: 9/23/2026

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BRIAN TUCKER SMITH

**(b)** County of Residence of First Listed Plaintiff: DALLAS COUNTY

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian Tucker Smith, Pro Se
3900 W NW Highway Apt 1433
Dallas, TX 75220
(205) 563-2350
Email: brian@regroupgov.com

## DEFENDANTS

ALDOUS & ASSOCIATES, PLLC

County of Residence of First Listed Defendant ____

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-26CV3223-B

RECEIVED
SEP 23 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [X] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
15 U.S.C. § 1692e(8)

Brief description of cause:
FDCPA claim for furnishing credit information without reporting disputed debt as disputed.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** UNSPECIFIED

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 09/23/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____